George O. **DOHERTY**; Emelia A. Doherty, Petitioners–Appellants,

v.

**COMMISSIONER INTERNAL REVENUE SERVICE**, Respondent–Appellee.

No. 92–70596.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 4, 1994.

Decided Feb. 8, 1994.

Daniel C. Doherty, Manning & Murray, Arlington, Virginia, for the petitioners-appellants.

Scott C. Towers, United States Department of Justice, Washington, D.C., for the respondent-appellee.

Before: WRIGHT, CANBY, and T.G. NELSON, Circuit Judges.

CANBY, Circuit Judge:

## OVERVIEW

George and Emelia Doherty appeal the Tax Court's determination of the fair market value of a painting they had donated to a museum. As a result of this determination, the Tax Court found the Dohertys liable for tax deficiencies for tax years 1982 and 1983. We affirm.

## I.

■ In 1969, the Dohertys bought "Attacking Stagecoach," which may or may not have been painted by Charles M. Russell, for $10,000. They donated an undivided 40% interest in the painting to the Charles M. Russell Museum in Great Falls, Montana in tax year 1982 and the remaining 60% in tax year 1983. In those years, they claimed charitable contribution tax deductions in the amounts of $140,000 and $210,000 respectively.[1] The Commissioner disputed these amounts in the Tax Court, contending that the fair market value of the painting at the time of contribution was only $100. The Tax Court, after considering evidence presented by both parties, determined the fair market value at the time of contribution to be $30,000. This appeal followed.[2]

## II.

■ The Dohertys contend that the Tax Court improperly relied upon facts and circumstances occurring after the date of their donation in making its determination of the painting's fair market value.[3]

---

1. Under the Tax Code, the amount of the Doherty's charitable contribution deduction depends upon the fair market value of the painting at the time of the contribution. *See* Treas.Reg. § 1.170A–1(c)(1). "[F]air market value is the price at which the [painting] would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of relevant facts." Treas.Reg. § 1.170A–1(c)(2).

2. We review the Tax Court's factual determination of fair market value under the clearly erroneous standard. *Sammons v. Commissioner,* 838 F.2d 330, 333–34 (1988).

3. Whether the Tax Court can rely on facts and circumstances not in existence at the time of the donation in making its determination is a question of law reviewable *de novo. See Sammons v. Commissioner,* 838 F.2d 330, 333–34 (1988). The standard is irrelevant, however, because we are not convinced the Tax Court relied upon facts and circumstances not in existence at the time of the Dohertys contribution.

The Tax Court's determination of Attacking Stagecoach's fair market value at the time of contribution rested in part upon the fact that a painting for which authenticity is in doubt will change hands at a lower price than one for which authenticity is undisputed. The Dohertys assert that this ruling was error because the authenticity of Attacking Stagecoach had not been questioned prior to the time that they donated the painting to the museum. They say that because the doubt as to Attacking Stagecoach's authenticity did not arise until the Commissioner evaluated the validity of their deduction, the doubt cannot be considered in making the fair market value determination. We disagree.

If we were to accept the Dohertys' position, taxpayers would be entitled to undisputed acceptance of their (or their chosen appraiser's) valuation of artwork merely by avoiding others' scrutiny of the work prior to its donation. We decline to adopt this view.[4] It is enough that the facts that form the basis of the doubt that later arises were in existence at the time of the contribution, and would have affected the bid of a willing buyer. The government's expert based his conclusion as to Attacking Stagecoach's authenticity on the condition and quality of the painting itself, not on subsequently revealed information regarding Russell's works. The factual bases of the experts' conclusion existed at the time of the contribution and those bases would have been relevant to a hypothetical buyer and seller at the time of the contribution. Moreover, the Tax Court's determination that reasonable hypothetical buyers and sellers would have been aware of those facts at the time of the contribution is not clearly erroneous. Thus, the Tax Court correctly applied the regulatory directive in determining fair market value. *See supra* n. 1.

## III.

The Dohertys further argue that the Tax Court's determination of the value of Attacking Stagecoach is clearly erroneous. We begin by noting, as we have previously:

> [C]omplex factual inquiries such as valuation require the trial judge to evaluate a number of facts: whether an expert appraiser's experience and testimony entitle his opinion to more or less weight; whether an alleged comparable sale fairly approximates the subject property's market value; and the overall cogency of each expert's analysis. Trial courts have particularly broad discretion with respect to questions of valuation.

*Sammons*, 838 F.2d at 333–34 (quoting *Ebben v. Commissioner*, 783 F.2d 906, 909 (9th Cir.1986)).

The Tax Court in this case was presented with the conflicting views of two experts regarding the value of Attacking Stagecoach. That court's opinion discusses fully the basis for the ultimate determination of fair market value. We decline to disturb the Tax Court's thoughtful determination in this case.

The judgment of the Tax Court is AFFIRMED.

---

4. None of the cases which the Dohertys have cited to us adopt their position; indeed, most are inapposite to the question presented on this appeal and none control the decisions of this court.